```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

George Tsiatsios

    v.                                    Civil No. 07-cv-00003-JL
                                        Opinion No. 2008 DNH 117

Anheuser-Busch, Inc.


**O R D E R**

In December of 2006, the plaintiff, George Tsiatsios, sued the defendant, Anheuser Busch, Inc., in New Hampshire state court alleging various claims under New Hampshire common law. The defendant removed the case to federal court, invoking its diversity jurisdiction, see 28 U.S.C. § 1441, and attempted to engage Tsiatsios in discovery. After repeated discovery violations by Tsiatsios (and the defendant's concomitant attempts to compel Tsiatsios's compliance with the discovery rules), the defendant moved the court to dismiss the complaint. See Fed. R. Civ. P. 37 and 41. The court denied the motion, but ordered Tsiatsios to pay the defendant's litigation costs and fees relating to the defendant's refusal to participate in discovery. Before the court for its review and approval is the defendant's accounting of the relevant costs and fees. Neither Tsiatsios nor his attorney has objected to the defendant's accounting.

**I.    BACKGROUND**

The relevant facts, as provided by the defendant and undisputed by Tsiatsios, are as follows:

> On March 6, 2007, the parties to this litigation filed a joint discovery plan. That discovery plan set May 1, 2007 as the deadline for initial disclosures and November 1, 2007 as the deadline for the completion of all discovery.  On May 1, 2007 Anheuser-Busch served its initial disclosures on Plaintiff, as required, but received no initial disclosures in return.  On May 22, 2007, Anheuser-Busch served [its first discovery request] on Plaintiff.  Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff's responses were due on June 25, 2007.
>
> On May 30, 2007, after repeatedly requesting the overdue initial disclosures from Plaintiff's counsel without success, Anheuser-Busch filed a Motion to Compel with this Court.[1]  Ten days later, and over a month after they were due, Plaintiff's counsel provided the disclosures and simultaneously opposed the Motion to Compel on those grounds.
>
> On August 8, 2007, again after several unsuccessful attempts to obtain Plaintiff's responses to Anheuser-Busch's discovery requests, Anheuser-Busch filed another Motion to Compel with the Court.  The Court granted the unopposed Motion on September 5, 2007. Pursuant to Local Rule 37.1, Plaintiff then

---

[1] The defendant's motion to compel was first filed on May 21, 2007.  However, due to a filing error, the defendant did not comply with all filing requirements until May 30, 2007.  For purposes of this motion, the court deems the motion filed as of the earlier date.

>had ten days to comply with the Court's order.
>
>On October 16, 2007 Anheuser-Busch noticed, via e-mail and US mail, the Plaintiff's deposition, for October 25, 2007. The following morning, Plaintiff's counsel sent an email to counsel for Anheuser-Busch, confirming that the proposed date and time were agreeable to him. In response, Anheuser-Busch repeated its needs for the Court-ordered document request responses no later than Monday October 22, 2007 so that it could properly prepare for the deposition.

(<u>Plaintiff's Emergency Motion to Dismiss</u> 1-2). On October 24, 2007, two days after the proposed deadline and still without a response to its discovery requests, the defendant moved the court to dismiss the complaint,[2] which the court conditionally granted. The court ordered Tsiatsios to respond to the discovery requests and make himself available to be deposed, specifying the potential penalty for failure to comply as dismissal of the complaint.

After several weeks passed and Tsiatsios still had not complied with the court's order, the court conducted a hearing to address the defendant's motion to dismiss. In the order that resulted from that hearing, issued on March 5, 2008, the court

---

[2] As part of its motion to dismiss, the defendant asked the court to award reasonable attorney fees and costs. In the alternative, the defendant asked the court to extend the discovery deadline to allow for time to depose Tsiatsios.

3

"very reluctantly" denied the defendant's motion without prejudice, but ordered that Tsiatsios pay the defendant's litigation costs from May 21, 2007 (the date the first motion to compel was filed) through the date of the order.

In its initial application for fees, the defendant utilized the hourly rates of attorneys at the Boston law firm of Foley Hoag, LLP and requested a total of $8,399.50.  Pursuant to a subsequent order of the court,[3] the defendant amended its fee request to $4,860.00, reflecting the prevailing hourly rates of local counsel in New Hampshire.  Tsiatsios has not disputed either request.

## II.  ANALYSIS

The court employs the familiar lodestar method to calculate a reasonable award of attorney's fees and costs.  See Tenn. Gas Pipeline Co. v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994).  Under that method, the court calculates the number of hours reasonably expended on the relevant tasks and multiplies

---

[3] The court ordered the defendant to recalculate its request for attorney's fees using the hourly billing rate of attorneys at the Ransmeier & Spellman law firm in Concord--which also represents the defendant in this action.  See Ackerly Commc'ns of Mass., Inc. v. Somerville, 901 F.2d 170, 172 (1st Cir. 1990) (a reasonable rate for out-of-town counsel "depends on prevailing rates in the community for comparably qualified attorneys").

that figure by a reasonable hourly rate.  See Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001).  As requested by the defendant in its amended application for fees, and undisputed by Tsiatsios, the court adopts the hourly billing rate for a partner in connection with this case at $225 per hour, and the billing rate for an associate at $175 per hour.  The court similarly approves as reasonable the defendant's accounting of the number of hours expended by its attorneys on the relevant tasks--specifically, 22.9 hours divided between three attorneys of varying experience and expertise.

### III. CONCLUSION

The court approves the defendant's accounting of its litigation fees and costs incurred as a result of Tsiatsios's failure to participate in discovery in violation of the Federal Rules of Civil Procedure, this court's Local Rules, and several specific orders.  Tsiatsios is thereby ordered to make payment to the defendant in the amount of $4,860.00 within 30 days of this order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  June 13, 2008

cc:  Michael J. Sheehan, Esq.
     Arthur G. Telegen, Esq.
     Lawrence S. Smith, Esq.